**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RICHARD PULLEY,                     )   NO. CV 14-7327-PA(E)
                                    )
          Petitioner,               )
                                    )
     v.                             )   ORDER OF DISMISSAL
                                    )
PEOPLE OF THE STATE OF              )
CALIFORNIA,                         )
                                    )
          Respondent.               )
                                    )
_____)

**PROCEEDINGS**

     On September 19, 2014, Petitioner filed a "Petition for the Writ
of Coram Nobis to Vacate Predicate State Conviction, Under the All
Writs Act, etc." ("the Petition").  It plainly appears from the face
of the Petition that Petitioner is not entitled to relief from this
Court.  For the reasons discussed below, the Petition is denied and
dismissed without prejudice.

///

///

///

**BACKGROUND**

Petitioner, who evidently is currently serving a federal sentence, seeks to challenge a Sacramento Superior Court conviction from the early 1990's.  Petitioner no longer is in custody on his Superior Court conviction, for which he reportedly received a sentence of 15 years and four months (Petition at 1-2, 5).

**DISCUSSION**

"Coram nobis relief is not available in federal court to attack a state court conviction."  Casas-Castrillon v. Warden, 265 Fed. App'x 639 (9th Cir. 2008); accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2nd Cir. 2006), cert. denied, 549 U.S. 1169 (2007) ("district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts"); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); Hensley v. Municipal Court, 453 F.2d 1252 n.2 (9th Cir. 1972), reversed on other grounds, 411 U.S. 345 (1973) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court.  Coram nobis lies only to challenge errors occurring in the same court"); Rafus v. United States, 2014 WL 3954871, at *2 (C.D. Cal. Aug. 13, 2014) (same); see also Chavez v. Superior Court, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002) (district court has no jurisdiction under the "All Writs Act" to entertain a petition for

2

writ of error coram nobis attacking state convictions); <u>Rendall v.</u>
<u>Carey</u>, 2002 WL 1346354, *2 n.3 (N.D. Cal. May 31, 2002) ("the All
Writs Act cannot be used as a substitute for habeas corpus. . . .  In
any event, the All Writs Act empowers federal courts only to act to
preserve their jurisdiction, which jurisdiction must have an
independent source in the law . . .") (citing <u>Jackson v. Vasquez</u>, 1
F.3d 885, 888-89 (9th Cir. 1993)).  Accordingly, Petitioner's "Coram
Nobis" Petition fails at the threshold.  <u>Id.</u>

      If, notwithstanding the title of the Petition, this Court were to
construe the Petition as a petition for writ of habeas corpus under
28 U.S.C. section 2254, the result would be the same.  Subject matter
jurisdiction over habeas petitions exists only where, at the time the
petition is filed, the petitioner is "in custody" under the conviction
challenged in the petition.  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91
(1989); 28 U.S.C. §§ 2241(c), 2254(a).  A habeas petitioner does not
remain "in custody" under a conviction once the sentence imposed for
the conviction has "fully expired."  <u>Maleng v. Cook</u>, 490 U.S. at 492.
It is evident that Petitioner previously completed service of the
sentence for the remote Superior Court conviction challenged in the
present Petition.  Thus, as Petitioner concedes, Petitioner was not
"in custody" under the challenged conviction at the time he filed the
present Petition (Petition at 5).  Accordingly, habeas jurisdiction is
unavailable.  <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. at 492.

      Neither can Petitioner challenge his extant <u>federal</u> sentence
through coram nobis in this instance.  As a threshold qualification
for coram nobis relief, a petitioner must demonstrate, <u>inter alia</u>,

that "a more usual remedy is not available." <u>Matus-Leva v. United</u>
<u>States</u>, 287 F.3d 758, 760 (9th Cir.), <u>cert. denied</u>, 537 U.S. 1022
(2002).  Where, as here, the petitioner still is in "custody" under
the federal sentence, the theoretical availability of relief under 28
U.S.C. section 2255 means that a "more usual remedy" "is available
[and therefore] the writ of error coram nobis is not." <u>Id.</u> at 761
(denying coram nobis relief sought under the "All Writs Act" because
of the theoretical availability of section 2255 relief).  In this
circumstance, coram nobis relief must be denied even where the
theoretically available section 2255 relief actually would be barred
by the applicable statute of limitations or otherwise.  <u>Id.</u> ("To hold
otherwise would circumvent the [Anti-Terrorist and Effective Death
Penalty Act's] overall purpose of expediting the presentation of
claims in federal court and enable prisoners to bypass the limitations
and successive petitions provisions").

    When a federal prisoner purports collaterally to challenge a
fully expired state court conviction used to enhance a federal
sentence currently being served, courts often recharacterize the
petition as a section 2255 motion attacking the current sentence.  <u>See</u>
<u>Feldman v. Perrill</u>, 902 F.2d 1445, 1448-49 (9th Cir. 1990); <u>see also</u>
<u>Maleng v. Cook</u>, 490 U.S. at 493-94.  In the present case, however,
such a recharacterization would not permit this Court to entertain
Petitioner's challenge to his expired state conviction.  First, it
appears that Petitioner's federal sentencing court was the United
States District Court for the <u>Eastern</u> District of California, not the
Central District of California.  <u>See</u> <u>United States v. Pulley</u>, 2013 WL
453279 (E.D. Cal. Feb. 6, 2013).  Second, apart from a narrow

exception not here applicable, a prisoner cannot challenge collaterally in federal court, by section 2255 motion or otherwise, an expired state conviction.  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001) ("Coss"); Daniels v. United States, 532 U.S. 374 (2001) ("Daniels")[1]; see Steverson v. Summers, 258 F.3d 520, 523 (6th Cir. 2001) (declining recharacterization of petition as a section 2255 motion because Daniels and Coss "foreclosed the viability" of any such motion).[2]

In Daniels, the Supreme Court reiterated the policies expressed in Custis v. United States, 511 U.S. 485 (1994) ("Custis"):

> Two considerations supported our constitutional conclusion in Custis: ease of administration and the interest in promoting the finality of judgments.  With respect to the former, we noted that resolving non-Gideon-type constitutional attacks on prior convictions would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records.

---

[1]    A prisoner may challenge collaterally in federal court an expired state conviction obtained after the state court refused to appoint counsel for an indigent defendant.  Daniels at 382.  Petitioner does not allege that the Sacramento Superior Court refused to appoint counsel for him during criminal proceedings in the 1990's.

[2]    Because this Court refrains from recharacterizing the present Petition as a section 2255 motion, the Court need not undertake the procedures requisite to any such recharacterization.  See United States v. Seesing, 234 F.3d 456, 463-64 (9th Cir. 2001) (cautioning against the unilateral construction of prisoners' filings as section 2255 motions because of current restrictions on the filing of successive section 2255 motions).

1    With respect to the latter, we observed that allowing
2    collateral attacks would inevitably delay and impair the
3    orderly administration of justice and deprive the state
4    court judgment of its normal force and effect.

5

6  Daniels, 532 U.S. at 378 (citations and quotations omitted).

7

8    In prohibiting collateral challenges to expired state court
9  convictions, the Daniels Court rejected the suggestion that some
10  remedy for unconstitutional state convictions must exist at all times:

11

12    Our system affords a defendant convicted in state court
13    numerous opportunities to challenge the constitutionality of
14    his conviction.  He may raise constitutional claims on
15    direct appeal, in postconviction proceedings available under
16    state law, and in a petition for a writ of habeas corpus
17    brought pursuant to 28 U.S.C. § 2254.  These vehicles for
18    review, however, are not available indefinitely and without
19    limitation. . . .  After an enhanced federal sentence has
20    been imposed . . . the person sentenced may pursue any
21    channels of direct or collateral review still available to
22    challenge his prior conviction. . . .  If, however, a prior
23    conviction used to enhance a federal sentence is no longer
24    open to direct or collateral attack in its own right because
25    the defendant failed to pursue those remedies while they
26    were available (or because the defendant did so
27    unsuccessfully), then that defendant is without recourse.

28

Id. at 381-82 (citations and quotations omitted; emphasis added).

The Supreme Court's prohibition of collateral challenges to expired state court convictions is broader than a mere prohibition against section 2255 relief. Styling a petition as "coram nobis," or otherwise fashioning a different label for the collateral challenge, does not escape the prohibition. Cf. United States v. Martinez-Martinez, 295 F.3d 1041, 1044 (9th Cir. 2002), cert. denied, 537 U.S. 1148 (2003) (Custis and Daniels prohibit non-section 2255 collateral attacks in federal court on expired state convictions, including a collateral attack in the form of arguing entitlement to a downward departure from the sentencing guidelines based on the constitutional invalidity of the state conviction). To permit collateral attacks on expired state convictions under some newly-minted label (or under the ancient label of coram nobis) would: (1) transgress the "ease of administration" and "finality of judgments" policies the Custis and Daniels Courts found compelling; and (2) allow a facile circumvention of the Daniels holding.

Moreover, and in any event, a section 2255 motion generally constitutes a federal prisoner's exclusive remedy when collaterally attacking a federal sentence. 28 U.S.C. § 2255; see Porter v. Adams, 244 F.3d 1006 (9th Cir. 2001); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); 3 Wright, Federal Practice and Procedure: Criminal 2d § 591 (1982). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under section 2255 is 'inadequate or ineffective to test the legality of his

1  detention.'"  <u>Hernandez v. Campbell</u>, 204 F.3d at 864-65.  This

2  "savings clause" exception to section 2255 exclusivity is a "narrow"

3  exception.  <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997).

4

5       For the same reasons previously discussed, to permit a section

6  2241 "savings clause" exception in the present case would transgress

7  the policies of <u>Custis</u> and <u>Daniels</u> and circumvent the holding of

8  <u>Daniels</u>.  <u>Cf.</u> <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1060-61 (9th Cir.),

9  <u>cert. denied</u>, 540 U.S. 1051 (2003) ("savings clause" exception to

10 section 2255 exclusivity unavailable where the petitioner once could

11 have brought the desired challenge, but failed to do so).

12

13                              **ORDER**

14

15      For all of the foregoing reasons, the Petition is denied and

16 dismissed without prejudice.

17

18      LET JUDGMENT BE ENTERED ACCORDINGLY.

19

20      DATED: September 25, 2014.

21

22                    _____

23                            PERCY ANDERSON
                        UNITED STATES DISTRICT JUDGE

24 PRESENTED this 23rd day of

25 September, 2014, by:

26

27 _____
            /S/
           CHARLES F. EICK
28 UNITED STATES MAGISTRATE JUDGE